[Civ. No. 6527. First Appellate District, Division One.—December 14, 1928.]

JAMES HENDRICKSON, Appellant, v. MAUDE HENDRICKSON, Respondent.

R. A. Rogers for Appellant.

Fred A. Watkins for Respondent.

TYLER, P. J.—Plaintiff by this action seeks the cancellation of a deed to certain real property. The complaint alleges, in substance, that at the time the conveyance was made the parties were husband and wife, and plaintiff, believing that defendant entertained love and affection for him, made the transfer to his wife, upon her request, for their sole use and benefit and upon the promise that she would reconvey the property to him at any time he desired. It is then charged that defendant when she made the promise intended to retain the same for her sole use and benefit, and that after receiving the conveyance her attitude immediately changed and she became unbearable, and subsequently deserted plaintiff and their children. Defendant denied these allegations. The trial court found in substance that defendant did not make any false or fraudulent representations to plaintiff in order to procure the conveyance, or that she ever agreed to reconvey the property to him upon his request, but that, on the contrary, such conveyance was a voluntary act on plaintiff's part and was intended as a gift, and was accepted by defendant as such. Judgment in favor of defendant followed. ▮ It is here claimed that the evidence shows conclusively that the execution and delivery of the deed were obtained by means of fraud and deception, and also that title never passed for the reason that defendant failed to pay the consideration of ten dollars named in the deed. There is no merit in these contentions. There was evidence to show that at the time the conveyance was made the parties had been married for a period of over seven years, and that defendant during that time entertained love and affection for her husband and had borne him three children and was pregnant, when the deed passed, with twins, as their birth about three months later developed. Defend-

ant admitted that her affections had undergone a change due to the fact that plaintiff insisted upon her submitting herself to a physician for the purpose of having an operation performed at a time when she was pregnant. It also appeared in evidence that defendant was fond of and attended dances without the knowledge of her husband, and it is claimed that by reason of this fact and the change in her affections, together with the additional fact that she subsequently left her husband, entitled him to a restoration of the property. We do not think so. It may be that in a case where a wife has prevailed upon her husband to make a gift to her of property under the false pretense that she was fond of him, when in fact she had determined to desert or abandon him upon securing the conveyance, or where at such time she was carrying on adulterous relations with another, that such acts would constitute actual fraud entitling the donor to a restoration of his property, and especially so where it appeared that the conveyance would not have been made but for the deception. (*Murdock* v. *Murdock*, 49 Cal. App. 775 [194 Pac. 762].) But this is not such a case. There is no evidence to show that defendant was ever guilty of meretricious relations. The record contains ample evidence to show that defendant was fond of her husband at the time of the conveyance, and whatever change may have taken place in her affections subsequently was caused by the act of the defendant in demanding that she undergo an illegal operation and other acts of cruelty practiced by him upon her. There is abundant evidence in the record to show that the conveyance was freely and voluntarily made, and without any promise on the part of defendant to reconvey to the husband upon his request. Equally without merit is the claim that cancellation should be decreed because the consideration of ten dollars expressed in the deed was not paid. Upon this question the trial court found that the conveyance was intended and made as a gift and was received and accepted as such. The evidence supports the finding.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.